**Martin MARASEVIC, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 02–4060.**

United States Court of Appeals, Sixth Circuit.

Dec. 15, 2003.

Fakhri W. Yono, West Bloomfield, MI, for Petitioner.

Terri J. Scadron, Leslie McKay, Washington, DC, for Respondent.

Before BATCHELDER and SUTTON, Circuit Judges; and BELL, District Judge.*

## ORDER

Martin Marasevic petitions for judicial review of an order of the Board of Immigration Appeals ("BIA"), which affirmed an immigration judge's finding that he was subject to removal despite his applications for asylum, the withholding of removal, and protection under the United Nations Convention Against Torture. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

Marasevic is a native and citizen of the Montenegro region of the former Yugoslavia, who entered the United States in 1997. The INS charged that he was subject to removal because he had not been legally admitted into this country or paroled. Marasevic conceded removability, but he also applied for asylum, the withholding of removal, and relief under the Convention Against Torture.

Marasevic alleged that he feared persecution because he and his family had advocated for the rights of ethnic Albanians in Montenegro. He alleged that he joined the Democratic Party of Montenegro in January 1997, and that he was subsequently arrested and beaten on three occasions before fleeing to the United States in October of that year. An immigration judge ("IJ") found that these allegations were not fully credible. The IJ also considered

---

* The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

State Department reports which indicated that the political conditions in Montenegro were better than the conditions in the other regions of Yugoslavia. Thus, the IJ denied the applications for asylum and the withholding of removal, as Marasevic failed to show that he had been persecuted in the past or that he had a well-founded fear of persecution in the future. He also denied Marasevic's petition for relief under the Convention Against Torture.

█ Marasevic's administrative appeal was summarily dismissed on August 29, 2002, and he filed a timely petition for judicial review. His brief does not contain a clear challenge to the denial of his application under the Convention Against Torture. Thus, he has abandoned this claim for purposes of appellate review. *See United States v. Mick*, 263 F.3d 553, 567 (6th Cir.2001).

Marasevic was required to show that he is a refugee and also that his application for asylum merits a favorable exercise of administrative discretion. *See Mikhailevitch v. INS*, 146 F.3d 384, 389 (6th Cir. 1998). The IJ did not reach the discretionary step here, as Marasevic had not met his burden of proving that he was a refugee. A refugee is defined as "an alien who is unable or unwilling to return to his home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Id.* (citations and internal quotation marks omitted).

Marasevic's asylum application is also treated as an application for the withholding of removal. *See id.* at 391. However, the test for proving eligibility for withholding is more stringent than the test for asylum. *Id.* Therefore, if Marasevic cannot demonstrate that he is eligible for asylum, he cannot demonstrate that he is entitled to the withholding of removal. *See id.*

The BIA's decision must be upheld if it is supported by substantial evidence on the record as a whole, even if we might have decided the case differently. *Koliada v. INS*, 259 F.3d 482, 486 (6th Cir.2001). Marasevic's petition may be granted only if the evidence is so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. *See id.*

█ The IJ found that Marasevic's asylum application and hearing testimony were inconsistent with regard to several issues that were critical to the question of whether he had a well-founded fear of persecution. The IJ noted, *inter alia*, that Marasevic's application had indicated that all of his arrests involved his own political activities and those of his brother, while his hearing testimony indicated that his last two arrests were primarily based on his refusal to be drafted into the army. Marasevic now argues that the IJ improperly based his decision on a lack of corroborating evidence. However, the IJ properly noted the absence of corroborative evidence only after the inconsistencies in Marasevic's testimony had placed his credibility in doubt. *See Chebchoub v. INS*, 257 F.3d 1038, 1043–45 (9th Cir.2001). Therefore, substantial evidence supports the IJ's finding that Marasevic was not fully credible, and Marasevic has not presented compelling evidence to support his asylum claim. *See Koliada*, 259 F.3d at 487–88; *Chebchoub*, 257 F.3d at 1045.

█ There is also substantial evidence to support the IJ's finding that Marasevic would not have a persuasive claim, even if his allegations were credible. In this regard, we note that mistreatment based on an applicant's resistance to legitimate military service is generally insufficient to support an asylum claim. *See Foroglou v. INS*, 170 F.3d 68, 70 (1st Cir.1999). Additionally, the State Department reports indicate that Marasevic could avoid persecution by relocating in Montenegro, even if

the conditions in other parts of the country were poor. *See Bhatt v. Reno,* 172 F.3d 978, 982 (7th Cir.1999). As Marasevic is not eligible for asylum, he is necessarily unable to meet the more rigorous standard for withholding of removal. *See Koliada,* 259 F.3d at 489.

Accordingly, Marasevic's petition for judicial review of the BIA's decision is denied.